UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10387-RWZ

UNITED STATES OF AMERICA

v.

MUNIR ALANI

ORDER

November 23, 2009

ZOBEL, D.J.

I.   **Background**

Defendant Munir Alani was indicted on one count of shipping firearms without written notice to an airline in violation of 18 U.S.C. § 922(e), and one count of making false statements in violation of 18 U.S.C. § 1001.  On September 29, 2009, he entered a plea of guilty to both counts pursuant to a Rule 11(c)(1)(B) plea agreement, and the court ordered his release pending disposition subject to standard conditions.

However, the United States Marshal refused to release defendant because, unbeknownst to counsel for both parties and an Immigration and Customs Enforcement ("ICE") agent in attendance, ICE had lodged a detainer against defendant.  Although the Assistant United States Attorney persuaded ICE to remove the detainer the next day and thus gained defendant's release from custody, defendant moved on October 15, 2009, to withdraw the plea.  (Docket # 34.)

Defendant states he was advised by the government (and his counsel) that there

was no ICE detainer and asserts that, had he known of its existence, he would not have pled guilty.

## II.     Analysis

In general, a defendant may withdraw a plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  Courts must consider several factors in determining whether a defendant may withdraw a plea, namely (1) "whether the plea was voluntary, intelligent, knowing, and complied with Rule 11;" (2) "the force of the reasons offered by the defendant;" (3) "whether there is a serious claim of actual innocence;" (4) "the timing of the motion;" and (5) "any countervailing prejudice to the government if the defendant is allowed to withdraw his plea." United States v. Sousa, 468 F.3d 42, 46 (1st Cir. 2006).  The First Circuit has noted that "the most significant [factor is] whether the plea was voluntary, intelligent and knowing." United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir.1997).

Here, it is uncontroverted that the defendant was advised by the court during his plea colloquy — and fully understood — that deportation was a potential consequence of his guilty plea. See Tr. at 6-7; 23; Plea Agreement (Docket # 32) ¶ 2; Deft's Mot. to Withdraw Plea and Incorporated Mem. of Law (Docket # 34) at 3.

Nevertheless, defendant contends that while he understood that deportation was a potential consequence of his guilty plea, he was misadvised as to the existence of the ICE detainer and thus did not fully apprehend the likelihood that the government would seek to deport him.

Defendant's argument is unavailing.  First, there was no intentional

misrepresentation by the government.  The Assistant United States Attorney truthfully stated:

> THE COURT:   Now, is he going to be deported?
>
> PROSECUTOR:  The government has no position on that. ... [The] ICE agent hasn't inquired to date [but] to my knowledge, there's no detainer by ICE.  The plea agreement does specify that this could make him vulnerable to removal, but we take no position on that.

Tr. at 6-7.

Significantly, the Assistant United States Attorney stated that "to his knowledge," no detainer had been filed yet, and he stated that "the ICE agent [assigned to the case who was in court observing the plea proceedings] hasn't inquired to date."  These two statements were sufficient to put the defendant on notice not only that the government "took no position" on his possible deportation, but that there could be an ICE detainer.

Second, defendant is not entitled to withdraw his guilty plea based on his miscalculation as to the likelihood that the government would deport him.  See Aff. of Munir Alani ¶ 3 (Docket # 34-2) ("My belief that no deportation detainer had been lodged against me while I had been incarcerated for approximately twelve months led me to believe that the government would not seek to deport me if I changed my plea in this case.").  He cites no support for the notion that the filing of a detainer increases the likelihood of a deportation proceeding.  In any event, even if he were correct, he was on notice at the time he pled that an ICE agent had been consulted about his case. See Tr. at 6-7.

Finally, defendant cannot demonstrate that he has been prejudiced.  He knew he

was subject to deportation at the time he entered his guilty plea, and he remains so. Moreover, no deportation proceeding is pending, and the parties agreed during the motion hearing that no ICE detainer against him remains outstanding.

### III.     Conclusion

Defendant's motion to withdraw his guilty plea (Docket # 34) is DENIED.


    November 23, 2009                                  /s/Rya W. Zobel
           DATE                                           RYA W. ZOBEL
                                                             UNITED STATES DISTRICT JUDGE